UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23335-GAYLES/OTAZO-REYES

AST & SCIENCE LLC,

    Plaintiff-Counterclaim Defendant,

v.

DELCLAUX PARTNERS SA,

    Defendant-Counterclaim Plaintiff.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff-Counterclaim Defendant AST & Science LLC's ("Plaintiff-Counter Defendant" or "AST") Motion to Dismiss Defendant-Counterclaim Plaintiff Delclaux Partners SA's (""Defendant-Counter Plaintiff" or "Delclaux") Amended Counterclaim (hereafter, "Motion to Dismiss Counterclaim") [D.E. 21]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 38]. The undersigned held a Zoom hearing on this matter on May 13, 2021 [D.E. 40]. For the reasons stated below, the undersigned respectfully recommends that AST's Motion to Dismiss Counterclaim be DENIED.

## PROCEDURAL BACKGROUND

On August 11, 2020, AST commenced this action against Delclaux, asserting a claim for breach of a Finder's Fee Agreement between the parties. See Complaint [D.E. 1]. On December 29, 2020, Delclaux filed its Amended Counterclaim, asserting a claim for breach of the same Finder's Fee Agreement. See Am. Counterclaim [D.E. 17 at 7-18]. In its pleading, Delclaux alleges that:

- Delclaux provided finder services to AST under a contract with AST, which included introducing AST to the investment bank named LionTree.

- AST entered into an agreement with LionTree and under the Delclaux Agreement, Delclaux was entitled to be paid by AST a percentage of the fees owed by AST to LionTree under the LionTree Agreement.

- The Delclaux Agreement with AST obligated AST to pay Delclaux fees if it raised money from certain entities within a one year tail period of AST's termination of its agreement with LionTree.

- AST raised money during the tail period from the entities covered by the tail period provisions of the LionTree Agreement, and then failed and refused to pay to Delclaux the fees due to be paid to Delclaux under the Delclaux Agreement, which equaled at least $825,137.50.

Id. at 7.

AST brings its Motion to Dismiss Counterclaim as a facial attack to subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). According to AST, "Delclaux's counterclaim is contingent on LionTree's contractual right to payment from AST" and "no such legal obligation has been established". See Motion to Dismiss Counterclaim [D.E. 21 at 5]. On this basis, AST argues: (1) that Delclaux lacks standing to bring its breach of contract claim against AST; and (2) that the claim is not ripe.

## DISCUSSION

A facial attack on subject matter jurisdiction merely requires that the court determine if the pleader "has sufficiently alleged a basis of subject matter jurisdiction" and the pleader's allegations "are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Applying this standard, AST's facial challenge to jurisdiction fails as to both standing and ripeness. With regard to standing, Delclaux's breach of contract claim is predicated on its own Finder's Fee Agreement with AST, as alleged above, and not on Lion Tree's agreement with AST. With regard

to ripeness, AST's contingency-based argument does not divest the court of jurisdiction; rather, it can be presented in terms of a condition precedent affirmative defense.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion to Dismiss Counterclaim [D.E. 21] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 28th day of June, 2021.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record